UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PATRICK LORNE FARRELL,

    Plaintiff,

v.                                                    Case No: 2:15-cv-41-FtM-38CM

STATE OF FLORIDA, LEE CO.
JUSTICE CENTER, LEE CO.
SHERIFF, SHERRA WINESETT,
LEE CO. STATE ATTORNEY,
ALANE LABODA, JOE FULLER,
LYNN GERALD, JOHN CARLIN,
RICK SCOTT and PAM BONDI,

    Defendants.
_____/

# ORDER[1]

This matter comes before the Court on Defendants Scott and Bondi's Motion to Strike Docs. 10, 11, and 16 pursuant to Rule 12(f) (Doc. #18) filed on February 16, 2015. Although given the opportunity, *pro se* Plaintiff Patrick Lorne Farrell did not file a response in opposition and the time to do so has expired. This matter is ripe for review.

## Background

Plaintiff Patrick Lorne Farrell initiated this lawsuit against several defendants. Farrell alleges the defendants violated his constitutional rights through fraud and RICO

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

violations. Farrell filed several documents on the docket assumingly in support of his case. At issue in this motion are three specific documents filed by Farrell:

1. "Plaintiff's Petition for of Writ of Mandamus, Notice of Appeal Brief and Demand for Voiding Foreclosure Judgment in State Case 07-CA-16767 Made against the United States Consumer Financial Protection Bureau Consent Order with Ocwen Loan Servicing Voiding Summary Judgment Ab Initio." (Doc. #10).
2. "Memorandum of Law in Support of Claims." (Doc. #11).
3. "Plaintiff Patrick Farrell Response to Defense #13 Certificate of Interested Persons." (Doc. #16).

Defendants Scott and Bondi argue these documents should be stricken pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

## Discussion

Courts are allowed to strike "redundant, immaterial, impertinent, or scandalous matter" from a pleading. Fed. R. Civ. P. 12(f)(2). "'Immaterial matter' has no important relationship to the claim or defense, and 'impertinent matter' does not relate to the issue in question." Badilo v. City of Deerfield Beach, No. 13-60057-CIV, 2013 WL 3762338, at *1 (S.D. Fla. July 16, 2013) (citing S.D. v. St. Johns Cnty. Sch. Dist., No. 3:09-cv-250-J-20TEM, 2009 WL 1941482, at *1 (M.D. Fla. July 7, 2009)). In addition, "scandalous matter" "refers to any allegation that unnecessarily reflects on the moral character of an individual, states anything in repulsive language that detracts from the dignity of the court, or casts a cruelly derogatory light on a party or other person." Badilo, 2013 WL 3762338, at *2 (citing S.E.C. v. Lauer, No. 13-60057-CIV, 2007 WL 1393917, at *2 (S.D. Fla. Apr. 30, 2007)). Although a court has broad discretion when considering a motion to strike, it

is a drastic remedy that only should be applied when the material has no relation to the cause at issue. Badilo, 2013 WL 3762338, at *2.

Defendants Scott and Bondi argue the three documents at issue should be stricken from the record because they are ramblings and unintelligible documents that serve no purpose to this case. In addition, these defendants argue the documents were unsolicited, not attached to any pleading, and not authorized under the federal rules. Furthermore, these defendants argue the documents are impertinent and scandalous since they contain derogatory, libelous, defamatory, and hostile personal attacks against the undersigned, judges, the Jewish community, and more. These defendants argue striking the documents will not prejudice Farrell. Lastly, these defendants argue similarly situated documents filed by Farrell in previous cases have been stricken by the Court.

Upon review, the Court finds Scott and Bondi's arguments are compelling. Therefore, the Court will strike the three documents. As Scott and Bondi argue, Farrell's documents are chockfull of random diatribes, scandalous accusations, derogatory allegations, libelous allegations, and hostile personal attacks on people including the judges sitting in the Fort Myers federal courthouse. (See, e.g., Doc. #10, at 2-3 (labeling a particular judge as corrupt and a hypocrite). For instance, Farrell labels the defendants as child molesters, (Doc. #16, at 1; Doc. #11, at 2), and makes irrelevant ramblings such as "I detest the use of the word HONORABLE in front of the names of the defendant 'judges' who since 1933 are not judges but are mere Article IV corporate franchise court revenue collection agents against the STRAWMAN, who has no rights, enjoining Rule 12,b,6," (Doc. #16, at 1) (emphasis in original). These type of scandalous accusations and impertinent ramblings are obviously false and purely unrelated to the subject matter

of this action. Farrell's documents do not sincerely support his case and are unauthorized by the Federal Rules of Civil Procedure. Farrell will not be prejudiced by the striking of these immaterial, impertinent, and scandalous matters.

Accordingly, it is now

**ORDERED:**

Defendants Scott and Bondi's Motion to Strike Docs. 10, 11, and 16 pursuant to Rule 12(f) (Doc. #18) is **GRANTED**. The three documents, (Doc. #10; Doc. #11; Doc. #16), are **STRICKEN**. The Clerk is directed to strike these documents and mail a copy of this Order to Plaintiff.

**DONE** and **ORDERED** in Fort Myers, Florida this 29th day of May, 2015.

*SHERI POLSTER CHAPPELL*
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record