UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PATRICK LORNE FARRELL,

    Plaintiff,

v.                                                Case No: 2:15-cv-41-FtM-38CM

STATE OF FLORIDA, LEE CO. JUSTICE
CENTER, LEE CO. SHERIFF, LEE CO.
STATE ATTORNEY, JUDGES- SHERRA
WINSETT, ALANE LABODA, JOE FULLER
LYNN GERALD, JOHN CARLIN, RICK
SCOTT, PAM BONDI,

    Defendants.

_____/

### ORDER[1]

This matter comes before the Court on Defendants Bondi and Scott's Motion to Dismiss (Doc. #19) filed on February 20, 2015. Plaintiff Farrell filed a response in opposition that is couched as a motion to strike on February 24, 2015. (Doc. #20). These matters are ripe for review.

Procedural Background

On December 16, 2014, *pro se* Plaintiff Patrick Farrell filed a complaint in the Circuit Court of the Twentieth Judicial Circuit, in and for Lee County, Florida.[2] (Doc. #4).

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

[2] Since Farrell is proceeding *pro se* the Court construes his complaint more liberally than had it been drafted by an attorney. See Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir.1990).

Farrell is suing several defendants: State of Florida, Lee County Justice Center, Lee County Sherriff, Lee County State Attorney, Sherra Winesett, Alane Laboda, Joe Fuller, Lynn Gerald, John Carlin, Rick Scott and Pam Bondi. (Doc. #4). On January 23, 2015, this case was removed by Defendants Pam Bondi and Rick Scott. (Doc. #1). Now, Defendants Bondi and Scott seek to dismiss Farrell's instant Complaint.

Allegations

According to the Complaint, Farrell was falsely arrested and maliciously prosecuted in the 1990s by the defendants for blowing the whistle on ISKCON, IMPAC Secured Assets, GMAC, and more. (Doc. #4, at ¶¶3-4, 7, 36). In light of two felony charges against Farrell, Farrell was fined $20,000 unlawfully. (Doc. #4, at ¶¶72, 74). Also due to a foreclosure judgment, Farrell was subject to give Wells Fargo $450,000. (Doc #4, at ¶¶9, 15). In essence, Farrell alleges all defendants are in cahoots, i.e. racketeering, against him and have breached their oaths of office. And now Farrell seeks an injunction to stop the sale of his home along with monetary relief. (Doc. #4, at ¶5). The fifteen counts are: Florida Constitutional Violation – Article I, §§ 2, 3, 9 – RICO Act (Counts 1-4, 6-11, 15); Florida Constitution Violation – Article I, §§ 2, 3, 21 – RICO Act (Counts 5, 12-13); and Florida Constitution Violation of Religious Freedom Restoration Act – Chapter 98-412 House Bill 3201 – Florida Statute 761 – Rico Act (Count 14).

The allegations in this case are redundant to a case previously filed by Farrell. See Case No. 2:13-cv-140- JES-DNF. Farrell's previous case was dismissed with prejudice. Thereafter, Farrell refiled this instant lawsuit alleging the same harm against the same defendants in the Twentieth Judicial Circuit in and for Lee County.

Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(a) requires that a complaint give the defendant fair notice of what plaintiff claims and the grounds supporting those claims. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (citing Fed. R. Civ. P. 8(a)). Rule 9(b) requires that "a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Rule 10(b) provides that a properly drawn complaint will present each claim for relief in a separate count, with sufficient clarity and precision that the defendant is "able to discern what the plaintiff is claiming and to frame a responsive pleading." Green v. C.B. Fleet Holding Co., Inc., No. 07-80589-CIV, 2008 WL 113668, at *2 (S.D. Fla. 2008) (citing Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996)). Rule 12(b)(6) provides for dismissal of a pleading or portion of a pleading which fails to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6).

Discussion

*a. Scott and Bondi's Motion to Dismiss*

Scott and Bondi argue Farrell's complaint should be dismissed with prejudice because he is re-litigating matters that have already been decided, Farrell is a vexatious litigant who continually drags state actors into his private matters relating to the foreclosure of his home, and Farrell maliciously re-filed this lawsuit despite already having it dismissed with prejudice. These defendants further argue Farrell's complaint should be dismissed because it fails to state a claim.

Upon consideration, the Court agrees. First, the Court notes the defendants are state actors and entitled to sovereign immunity. See Fla. Stat. § 768.28 (State of Florida is entitled to immunity); Calderone v. Scott, No. 2:14-cv-519-FtM-29CM, 2015 WL 1800315, at *1 (M.D. Fla. Apr. 15, 2015) (sheriff is entitled to immunity); Cyber Zone E-Café, Inc. v. King, 782 F. Supp. 2d 1331, 1337 (M.D. Fla. 2011) (state attorney is entitled to immunity); Stump v. Sparkman, 435 U.S. 349, 357 (1978) (judicial officers are entitled to immunity); Palm Beach County Entl. Coal. v. Fla., 651 F.Supp.2d 1328, 1338 (S.D. Fla. 2009) (governor and other state officers are entitled to immunity). The defendants have not waived immunity and Farrell has not articulated a viable exception to immunity that applies in this case. As such, the defendants are due to be dismissed from this case with prejudice.

Second, Farrell's complaint fails to state a cause of action. Although the Plaintiff peppers the complaint with fraud and even racketeering terms, the complaint fails to allege such facts with the necessary particularity. For example, there are no precise statements, documents, misrepresentations, particular times and places, or misleading allegations. As such, all counts which are brought pursuant to the RICO Act fail. See Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1291 (11th Cir. 2010) (explaining RICO fraud allegations must be plead with Rule 9(b) particularity); see also Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1380-81 (11th Cir. 1997) ("As noted, under Rule 9(b), the Plaintiff must allege (1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; the content and manner in which these statements misled the Plaintiffs; and (4) what the defendants gained by the alleged fraud."). Also, Farrell's allegations pertaining to oath of

office violations are completely without merit. See Farrell v. United States Cong., 2:09-CV-16-FtM-29SPC, 2009 WL 1606502, at *3 (M.D. Fla. June 8, 2009) (rejecting contract claim based on oath of office); Farrell v. United States, No. 09-209C, 2009 WL 3719211, at *3 (Ct. Fed. Cl. Oct. 30, 2009) (explaining an oath of office is not a contract with any individual citizen and therefore there can be no breach). As such, the complaint is due to be dismissed.

Third, Farrell's complaint which centers on activities that occurred in the 1990s is barred by the statute of limitations. See Klehr v. A.O. Smith Corp., 521 U.S. 179 (1997) (explaining civil RICO violations have a four year statute of limitations). As such, the complaint is due to be dismissed.

The Court also notes Farrell has already attempted to litigate his instant allegations to no avail. See Case No. 2:13-cv-140- JES-DNF. Farrell's complaint contain irrelevant and scandalous diatribes because it is replete with offensive remarks that the Court will not repeat here. Also, leave to amend the complaint is not warranted here because Farrell cannot correct the deficiencies.

  b. *Farrell's Response to the extent it is a Motion to Strike*

Farrell argues the instant motion should be stricken because the defendants fail to appropriately address him as an Article III injured party, sui juris, sui generis, or executor plaintiff. Farrell prefers not to be addressed by his full name. Upon consideration, the Court finds Farrell's request is wholly without merit. See generally Fed. R. Civ. P. 12(f) ("The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."). The motion will not be stricken.

Accordingly, it is now

**ORDERED:**

Defendants Bondi and Scott's Motion to Dismiss ([Doc. #19](Doc. #19)) is **GRANTED**. Plaintiff Farrell's Complaint ([Doc. #4](Doc. #4)) is **DISMISSED with prejudice**. Plaintiff's Motion to Strike ([Doc. #20](Doc. #20)) is **DENIED**. The Clerk is directed to close the file, deny all other pending motions as moot, and enter judgment accordingly.

**DONE** and **ORDERED** in Fort Myers, Florida this 22nd day of June, 2015.

*/s/ Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record